**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIERRA JOSEPH<br>350 Concord Avenue<br>Ewing, NJ 08618<br>　　　**Plaintiff,**<br><br>　　v.<br><br>**RUSHMORE MANAGEMENT d/b/a**<br>**RACQUET CLUB APARTMENTS AND**<br>**TOWNHOMES,**<br>1970 Veterans Highway<br>Levittown, PA 19056<br><br>311 Boulevard of the Americas, Suite 501<br>Lakewood, NJ 08701<br>　　　**Defendant.** | **Civil Action No.**<br><br>**Complaint and Jury Demand** |

## COMPLAINT

Plaintiff, Sierra Joseph, through her counsel, Koller Law LLC, brings this civil matter against Defendant, Rushmore Management d/b/a Racquet Club Apartments and Townhomes for violations of the Family and Medical Leave Act of 1993, as amended ("FMLA"). In support thereof, Plaintiff avers as follows:

### IDENTIFICATION OF THE PARTIES

1. Plaintiff is Sierra Joseph (hereinafter "Plaintiff"), an adult individual who is domiciled in the State of New Jersey at 350 Concord Avenue, Ewing, NJ 08618.

2. Defendant, Rushmore Management d/b/a Racquet Club Apartments and Townhomes (hereinafter "Defendant") is a property management company with a location at 1970 Veterans Highway, Levittown, PA 19056 and with a corporate headquarters located at 311 Boulevard of the Americas, Suite 501, Lakewood, NJ 08701.

3. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

4. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

## JURISDICTION AND VENUE

5. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

6. The FMLA is a federal law and so this court maintains federal question jurisdiction over this matter.

7. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

8. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391 (b)(1) and 1931 (b)(2) because Defendant is located in and/or regularly conduct business in this judicial district and because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## MATERIAL FACTS

9. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

10. On November 7, 2022, Defendant hired Plaintiff in the position of Leasing Agent.

11. Plaintiff was well qualified for her job and performed well.

12. On or around January 5, 2024, Plaintiff requested Family and Medical Leave Act ("FMLA") leave application paperwork from Avigayil Nulman, Human Resources Coordinator, in order to apply for Intermittent FMLA due to her rheumatoid arthritis.

13. Nulman provided the FMLA leave application paperwork to Plaintiff.

14. Dr. Pavlinka V. Dundeva-Baleva, Rheumatologist, completed Plaintiff's medical care provider certification as part of Plaintiff's Intermittent FMLA leave request paperwork and submitted it to Defendant.

15. Defendant approved Plaintiff's request for Intermittent FMLA leave approximately one week later.

16. On April 5, 2024, Plaintiff requested to have her schedule changed from working every other Friday to having every Friday off. She asked Nulman.

17. Previously, in or around March 2023, Plaintiff spoke to Sam Mandible, Former Regional Manager, if she could change her schedule this way.

18. Mandible asked Plaintiff to think it over and get back to him and he would see what he could do.

19. Plaintiff decided against the schedule change at that time and did not inquire about it again to Mandible.

20. Nulman denied Plaintiff's schedule request.

21. Plaintiff complained to Nulman that she felt that her schedule change denial was in retaliation for her application for and utilization of Intermittent FMLA leave as Kayla LNU, Leasing Agent, was able to change her schedule without issue.

22. Nulman replied to Plaintiff that the schedule change was due to Defendant's business needs.

23. Upon information and belief, Plaintiff's schedule change would not have impaired Defendant's business needs.

24. On April 8, 2024, Plaintiff notified Venessa Giambrone, Assistant Property Manager, and Dovi Friedman, Regional Manager, via text message that she was utilizing her Intermittent FMLA for that day.

25. Giambrone approved Plaintiff's request.

26. Approximately three and a half (3.5) hours later, Friedman instructed Plaintiff to contact Human Resources.

27. Plaintiff did not contact Human Resources as her scheduled shift started an hour beforehand and she was working at that time.

28. On April 9, 2024, Plaintiff returned to work and saw an email from Nulman that had been sent the night before stating that her Intermittent FMLA leave had expired and that she had to reapply for it.

29. Plaintiff then met with Friedman who asked Plaintiff why she wanted to have a schedule change.

30. Plaintiff explained that she was struggling with her mental health.

31. Friedman then issued Plaintiff a termination letter for allegedly taking multiple days off without manager's approval as well as failure to comply with Defendant's schedule policy.

32. The termination letter specifically cited April 8, 2024, as a date of her taking unapproved time off.

33. Plaintiff had utilized her Intermittent FMLA leave for this day and had received approval from Giambrone.

34. In addition, Plaintiff had never taken time off without approval.

35. Defendant terminated Plaintiff in retaliation for utilizing her Intermittent FMLA leave.

36. Defendant's acts and/or omissions were willful and performed with reckless disregard to Plaintiff's statutorily protected federal rights.

## COUNT I – RETALIATION
## FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED

37. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

38. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

39. At all times material, Defendant knew, or should have known, of Plaintiff's need for Intermittent FMLA Leave to care for her own serious medical conditions.

40. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

41. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke her federally protected rights under the FMLA.

42. As a result of Plaintiff's attempt to invoke her FMLA rights, by requesting and utilizing her FMLA rights, Defendant has retaliated against Plaintiff by terminating her employment.

43. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.

44. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

45. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

46. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

47. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

### COUNT II – INTERFERENCE
### FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED

48. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

49. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

50. At all times material, Defendant knew, or should have known, of Plaintiff's need for Intermittent FMLA leave to care for her own serious health condition.

51. Defendant acted in bad faith by interfering with Plaintiff's rights under the FMLA.

52. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's Intermittent FMLA-related request for leave.

53. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

54. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.

55. Plaintiff demands judgment in her favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

56. Plaintiff further demands judgment in her favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Sierra Joseph, requests that the Court grant her the following relief against Defendant, Rushmore Management d/b/a Racquet Club Apartments and Townhomes:

a) Damages for past and future monetary losses as a result of Defendant's wrongful termination;

b) Compensatory damages;

c) Punitive damages;

d) Liquidated damages;

e) Emotional pain and suffering;

f) Reasonable attorneys' fees;

g) Recoverable costs;

h) Pre and post judgment interest;

i) An allowance to compensate for negative tax consequences;

j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

k) Awarding any/all other extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | **KOLLER LAW LLC** |
|  | /s/ David M. Koller, Esq. |
| Dated: November 11, 2024 | David M. Koller, Esquire (90119)<br>Jordan D. Santo, Esquire (320573)<br>2043 Locust Street, Suite 1B<br>Philadelphia, PA 19103<br>(t) 215-545-8917<br>(f) 215-575-0826<br>davidk@kollerlawfirm.com<br>jordans@kollerlawfirm.com<br><br>*Counsel for Plaintiff* |